**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BALL KELLY, LLC, d/b/a Taylor
Kelly, LLC,

      Plaintiff - Appellant,

v.

BANK OF AMERICA, N.A.,

      Defendant - Appellee.

No. 11-3369
(D.C. No. 2:11-CV-02323-CM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Plaintiff-Appellant Ball Kelly, LLC d/b/a Taylor Kelly, LLC ("Ball Kelly")

appeals from the district court's judgment in favor of Defendant-Appellee Bank

of America, N.A. ("Bank of America").  Aplt. App. at 174.  The district court

granted Bank of America's motion to dismiss Ball Kelly's action for an equitable

lien on undisbursed loan funds.  Ball Kelly, LLC v. Bank of America, N.A., No.

11-2323-CM, 2011 WL 5523672 (D. Kan. Nov. 14, 2011).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## Background

In fall 2008, Ball Kelly entered into two contracts with Corbin Park, L.P. ("Corbin Park") to construct commercial properties in Kansas. Aplt. App. at 15-16. Bank of America provided Corbin Park with the financing for these projects and, pursuant to a construction loan agreement, retained a construction consultant to review pay applications submitted by contractors, including Ball Kelly. Id. at 14, 17. In March 2009, Bank of America determined that Corbin Park had defaulted on its loan. Id. at 18. Bank of America, however, did not notify Ball Kelly of this default. Id. at 19. As a result, Ball Kelly continued to work on the projects and submit pay applications during the summer of 2009. Id. at 17. On August 31, 2009, Ball Kelly ceased working on the projects upon receiving notification that no more payments would be made to it. Id.

Both Ball Kelly and Bank of America sought recovery during Corbin Park's bankruptcy proceeding. Id. at 20. The bankruptcy court determined that Ball Kelly was unlikely to recover any compensation for its unpaid work. Id. In May 2011, Ball Kelly filed a petition for an equitable lien in Kansas state court seeking recovery of the amount due for unpaid work from undisbursed loan funds. Id. at 13, 20-21. Bank of America removed the case to federal district court and filed a motion to dismiss or, alternatively, a motion for Stay. Id. at 22.

The district court dismissed Ball Kelly's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Kansas has never recognized an

equitable lien on undisbursed loan funds. Ball Kelly, LLC, 2011 WL 5523672 at *3. The court also found that Kansas would be unlikely to recognize an equitable lien in the instant case because Ball Kelly plead inadequate facts to support detrimental reliance. Id.

## Discussion

We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As the district court noted, Kansas has never "address[ed] whether an equitable lien can be applied to undisbursed loan funds." Ball Kelly, LLC, 2011 WL 5523672 at *2. In response, Ball Kelly argues that Kansas courts *should* recognize such equitable liens. Aplt. Br. at 13. However, a federal court is understandably reluctant to create new rights under state law. See Karas v. Am.

Family Ins. Co., 33 F.3d 995, 1000 (8th Cir. 1994) ("As a federal court, our role is to interpret state law in diversity cases and not to fashion it."). Moreover, there is nothing to indicate that a Kansas court would be likely to recognize such equitable liens. To the contrary, Kansas has explicitly refused to grant an equitable lien in the absence of clear party "agreement and intention" to create a lien. See Union Nat'l Bank & Trust Co. v. Acker, 516 P.2d 999, 1004 (Kan. 1973). As such, it is unlikely that a Kansas court would recognize an equitable lien here, where Ball Kelly and Bank of America had neither agreement nor intention–let alone any contract–to hold the loan funds as security. Moreover, granting such relief would allow Ball Kelly to circumvent the bankruptcy court proceedings, which have already resolved its rights in relation to Bank of America.

Additionally, were we persuaded that a Kansas court might recognize an equitable lien on undisbursed loan funds, Ball Kelly's factual allegations are inadequate to justify such relief. Ball Kelly alleges that Bank of America, by accepting pay applications before and after Corbin Park's default, engaged in "conduct which was unreasonable and misleading." Aplt. App. at 19. The crux of Ball Kelly's argument is that Bank of America kept Corbin Park's default a secret to increase the value of the project, knowing that it would look to the project as collateral. Aplt. R. Br. at 5-6. This allegation, however discomforting it may be, fails to allege that Bank of America took affirmative steps to induce

reliance, which is required for detrimental reliance and, by extension, an equitable lien.  See Farmers Ins. Exch. v. Smith, 83 Cal. Rptr. 2d 911, 914 (Cal. Ct. App. 1999) (requiring detrimental reliance or unjust enrichment for an equitable lien); Mohr v. State Bank of Stanley, 734 P.2d 1071, 1078 (Kan. 1987) (finding no detrimental reliance absent "acts, representations, admissions or silence" by a party).  Thus, the district court was correct in dismissing the complaint.

Finally, we find it unnecessary to certify this question to the Kansas Supreme Court because, as discussed above, we find no indication that a Kansas court might recognize an equitable lien on undisbursed loan funds.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge